In the Matter of WILBAR'S, Inc.,
Debtor.

No. 559–55.

United States District Court
D. Massachusetts.

April 25, 1956.

**294**

James Garfield, Trustee, Harry Bergson, Sr., Counsel, Boston, Mass., for Debtor Corporation.

Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for United States.

ALDRICH, District Judge.

In this case, a routine Chapter X reorganization, 11 U.S.C.A. § 501 et seq., the principal preferred creditor is the government, for back income taxes. A plan was filed in December to which the representatives of the government at the lower level indicated approval. When the plan came to the Secretary of the Treasury for formal acceptance, however, General Counsel informed the trustee that he regarded the government provisions as inadequate. Discussions were had and General Counsel stated that he would give the matter further consideration. Some 30 days later the 90 days specified in 11 U.S.C.A. § 599 expired without further word being received. The trustee thereupon offered the plan as filed for allowance, giving due notice to the government. No objections being presented at the hearing, I approved the plan. A week later the government filed a petition to vacate the order.

It is the government's position that the above facts show a rejection of the plan under § 599. Oral disapproval of a plan during negotiations may be no more than a maneuver, proper enough, seeking a better trade. Furthermore, how the government feels after 60 days may not represent its final position. In my opinion the presumption established by § 599 is rebutted only by a formal rejection, and, equally important, one filed with the court.

At the hearing on its petition to vacate, the government indicated that it would approve the plan if certain changes were made. The debtor agreeing thereto, and no other party being adversely affected, the prior court order approving the plan will be so amended *nunc pro tunc*.

Lest the government interpret this opinion for future reference as suggesting that the safe procedure would be to file automatically a formal rejection before considering a plan, contemplating

withdrawing same later if it approves, I will add that I would regard this as a perversion of the purpose, if not of the language, of the statute. Expedition of Chapter X proceedings would not be furthered by such procedure. It would in effect mean that the government would be viewed as objecting unless it consented, rather than as Congress intended, presumed to approve unless it rejected.